**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FRISCH'S BIG BOY ILL–MAR, INC., an Indiana corporation, Respondent.**

**No. 15328.**

United States Court of Appeals
Seventh Circuit.

Feb. 11, 1966.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Michael R. Brown, Atty., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., Washington, D. C., for petitioner.

Alan T. Nolan, Jack R. Snyder, Indianapolis, Ind., for respondent, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., of counsel.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

National Labor Relations Board, by its petition, seeks enforcement of its order [1] issued against Frisch's Big Boy Ill-Mar, Inc., an Indiana corporation, respondent, under date of March 5, 1965, which, *inter alia,* directed respondent to bargain with a union [2] as the representative for respondent's employees.

A regional director to whom the Board had delegated its powers pursuant to § 3(b) of the Labor-Management Relations Act, held a hearing and found, *inter alia,* that employees of respondent's restaurant at 51 North Illinois Street, Indianapolis, Indiana, constituted an appropriate unit for collective bargaining purposes within the meaning of § 9(b) of the Act, 29 U.S.C.A. §§ 153(b), 159(b).

The Board agreed and found that respondent corporation violated § 8(a) (5) and (1) of the Act by refusing to recognize and bargain with the union which had been certified as the statutory representative of its employees. The Board rejected respondent's contention that the bargaining unit certified was inappropriate.

Respondent operates a single restaurant (store). The persons who own it also own ten other corporations, each of which corporations likewise operates a single restaurant. Ten of these restaurants (including that of respondent) are located in Indianapolis, Indiana. Respondent's store is geographically located among the others in the group.[3]

It is agreed that Frisch's stores (restaurants), including respondent's, at all times relevant herein have been affiliated businesses with common officers, owners, directors and operators, and constitute a single integrated enterprise, whose principal office is located in Indianapolis.

The evidence in the record clearly establishes that Frisch's stores constitute a chain operation. Each store in the chain is similar in all respects to each of the other stores as far as the impact of labor relations is concerned. They are as much alike in this respect as peas in a pod. Whatever advantage was sought by the creation of an individual corporation for each store is of no concern in this case. In fact, no attempt has been made by the Board to show that the multi-corporate form of the employer here involved has any actual relevancy to the question before us in this proceeding.

The only factual contention made by petitioner which requires notice is that each restaurant has "autonomy" because each restaurant manager has certain powers. However, the undisputed facts appearing in the record show that a common labor policy affecting all employees is formulated and administered by the president, as chief executive, and certain other officers of the corporations. Reporting to him are three area supervisors

1. Reported at 151 NLRB No. 48. The Board's decision in the representation proceeding is reported at 147 NLRB 551. It was a three to two decision.

2. Hotel, Motel, Cafeteria & Restaurant Employees & Bartenders Union, Local No. 58, AFL–CIO, affiliated with Hotel & Restaurant Employees and Bartenders International Union, AFL–CIO.

3. The eleventh restaurant is located in Muncie, Indiana, 60 miles from Indianapolis. It has been agreed that the Muncie restaurant may constitute a separate bargaining unit. Unless otherwise indicated, any reference in this opinion to the group of restaurants shall be understood as concerning the 10 Indianapolis restaurants, including that of respondent.

each of whom has a share of the Indianapolis restaurants to cover. These area supervisors visit the restaurants frequently. The managers' duties include the telephoning to local suppliers who have been selected and have entered into agreements negotiated by the president. The managers receive supplies and forward invoices and cash sales records to the general office each day.

Payrolls, accounts and other records are maintained in the general office, although separately for each restaurant. All restaurants sell the same food from the same menu and operate in essentially the same manner. Employees have identical terms and conditions of employment: (a) same application for employment is used at all the restaurants; (b) same vacation system; (c) same Christmas bonus; (d) all regular shift hours at all restaurants are approximately eight hours per day; (e) all restaurants have time clocks; (f) six days' work is the maximum for one week for each employee; (g) all employees receive two meals per day at the cost of the employer; (h) uniforms are supplied for all restaurant employees; (i) all waitresses are responsible for laundering their uniforms; (j) managers hire only within the minimum and maximum hiring rates established by the president. There is a central warehouse for all of the restaurants. The officers of all the corporations (restaurants) are the same. It is evident to us that the decisions left to the managers do not involve any significant element of judgment as to employment relations.

From the record it appears that the rules of eligibility and procedures affecting employment applications are established by the president for all restaurants. Uniform hiring rates are set by him. While a manager may hire an employee for his own store, he may not agree to pay above the minimum unless approved in advance by a supervisor. Salary increases announced by any manager are based on the authority of a supervisor.

It is obvious to us that none of the store managers will be deciding questions affecting the employees in the context of collective bargaining.

The result reached by the Board in this case is at variance with its holdings in other recent cases. Thus in Weis Markets, Inc., 142 NLRB 708, 710 (1963), the Board said:

"It has long been the policy of the Board to find that the appropriate bargaining unit in retail chain operations should embrace the employees of all stores within an employer's administrative or geographical area. The Employer's contention that the Board's decision in Sav-On Drugs, Inc.[4] abandoned that rule is without merit. In that case the Board stated that it would apply to retail chain operations the same unit policy which it applies to multiplant locations generally, and that it had merely 'added the possibility * * * that a single location or a grouping other than an administrative or geographical area may be appropriate.' * * *."

To the same effect are Overton Markets, Inc., 142 NLRB 615 (1963); Mary Carter Paint Co., 148 NLRB 46, 56 LRRM 1462 (1964); and Great Atlantic & Pacific Tea Co., 153 NLRB No. 141, 59 LRRM 1679 (1965).

We hold that the Board improperly recognized respondent's employees as an appropriate bargaining unit and we further hold that, for that reason, respondent corporation has not violated § 8(a) (5) or (1) by refusing to bargain.

Accordingly, the prayer of the Board for the entry of a decree enforcing its order is denied.

Enforcement of order denied.

---

4. Sav-On Drugs, Inc., 138 NLRB 1032 (1962).