**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ST. JOHN'S ASSOCIATES, INC., Respondent.**

**No. 328, Docket 31753.**

United States Court of Appeals Second Circuit.

Argued March 12, 1968.

Decided March 25, 1968.

Ian D. Lanoff, Attorney, N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., on the brief), for petitioner.

Woodrow J. Sandler, New York City, for respondent.

Before KAUFMAN, HAYS, Circuit Judges, and RYAN, District Judge.[*]

PER CURIAM:

Respondent St. John's Associates, Inc. (company) was found by the National Labor Relations Board to have violated §§ 8(a) (1), 8(a) (3) and 8(a) (5) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., by threatening reprisals, promising benefits and transferring employees in an attempt to discourage union activities and membership and by refusing to recognize or bargain with a union which, the Board found, represented a majority of the employees in an appropriate bargaining unit. The Board issued an order that, *inter alia,* requires the company to cease and desist from its various unfair labor practices and to bargain collectively with the union upon request. The sole issue on this pe-

tition for enforcement, pursuant to § 10 (e) of the Act, is the company's claim that the Board's 8(a) (5) findings must fall because the Board erred in determining the appropriate bargaining unit. We hold the order a valid exercise of the Board's power and therefore grant the petition.

The power of review permitted this court to set aside the Board's determination of an appropriate bargaining unit has been narrowly circumscribed. "[T]he decision of the Board, if not final, is rarely to be disturbed." Packard Motor Car Co. v. N.L.R.B., 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). As we stated in N.L.R.B. v. Sunrise Lumber & Trim Corp., 241 F.2d 620, 624 (2d Cir.), cert. denied, 355 U.S. 818, 78 S.Ct. 22, 2 L.Ed.2d 34 (1957), "we recognize the discretion that must be accorded to the Board in determining the appropriateness of a collective bargaining unit, and thus will uphold such a determination unless it is 'unreasonable and arbitrary.' "

In this case, the Board found that the appropriate bargaining unit consisted of the company's three truckdrivers—two of whom signed union authorization cards—and excluded a dispatcher, an assistant dispatcher and three messengers; the company contests the categorization of the dispatcher.[1] While reasonable men could differ, we have no doubt that the Board's determination is supported by substantial

---

[*] Of the District Court of the Southern District of New York, sitting by designation.

[1]. The Trial Examiner included the dispatcher in the bargaining unit but he was overruled by a two to one majority of the Board. The views of the Trial Examiner must be taken into account in determining whether the Board's decision is supported by substantial evidence. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 493, 71 S.Ct. 456, 95 L.Ed. 456 (1951). But the power of decision under the National Labor Relations Act has been granted to the Board and if its decision is supported by substantial evidence on the record as a whole it may

not be upset merely because it conflicts with the ruling of the Trial Examiner. F. C. C. v. Allentown Broadcasting Corp., 349 U.S. 358, 364–365, 75 S.Ct. 855, 99 L.Ed. 1147 (1955); 2 Davis, Administrative Law § 10.04 (1958). This is especially true where, as here, demeanor evidence is not particularly significant and the Board provides cogent reasons for its decision. See N. L. R. B. v. Fitzgerald Mills Corp., 313 F.2d 260, 268 (2d Cir.), cert. denied, 375 U.S. 834, 84 S.Ct. 47, 11 L.Ed.2d 64 (1963); Oil, Chemical and Atomic Workers International Union v. N. L. R. B., 362 F.2d 943 (D.C. Cir. 1966).

evidence, Packard Motor Car Co. v. N.L.R.B., supra, 330 U.S. at 491, 67 S.Ct. at 789, and is neither unreasonable nor arbitrary. A number of factors sustain placing the drivers in a separate bargaining unit. For example, the drivers—and not the dispatcher—report to both of the company's plants, they do little "in-plant" work and more overtime work, have less contact with other employees and wear uniforms. Moreover, some of the reasons which would make appropriate placing the drivers and the dispatcher in the same category— such as their receipt of the same fringe benefits—apply with equal force to other company employees who concededly need not be included in the bargaining unit. In sum, we find no reason to upset the Board's determination.

Enforcement granted.