**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**E-Z DAVIES CHEVROLET, Respondent.**

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CARL SIMPSON BUICK, INC., Respondent.**

**Nos. 21918, 21887.**

United States Court of Appeals Ninth Circuit.

April 26, 1968.

Harvey Letter (argued), Roy O. Hoffman, Director N.L.R.B., San Francisco, Cal., Arnold Ordman, General Counsel, N.L.R.B., Dominick L. Manoli, Associate General Counsel, N.L.R.B., Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Glen M. Bendixsen, N.L.R.B., Washington, D. C., for petitioner.

David Self (argued), Nathan Berke (argued), of Severson, Werson, Berke & Bull, Neyhart & Grodin, San Francisco, Cal., for respondent.

Before POPE, DUNIWAY, and ELY, Circuit Judges.

ELY, Circuit Judge:

On these two Petitions for Enforcement, there is no significant variation in the briefs, oral argument was consolidated, and the issues are the same.

The respondent companies are automobile dealers. The Union[1] filed separate election petitions in which it sought to represent two bargaining units, each composed of the salesmen of one of the companies. In preelection hearings, the companies sought dismissal of the election petitions. They contended that the single-company unit was inappropriate, basing the contention primarily upon certain facts as follows: The companies are members of an employer association called Peninsula Automobile Dealers Association (PADA). There are fifty members of the association, and each is an automobile dealer in the peninsula area south of San Francisco, California. In 1953, a union other than the one here involved had been designated as bargaining representative of the salesmen of all members of the employer association. That union was unable to effect a contract. Later, in 1958, a second union local was designated to represent the salesmen of all the employers. It, too, failed to reach a collective bargaining agreement with PADA. At the time, therefore, when the election petitions now under consideration were filed, the salesmen of PADA's members had never been covered by a multiemployer contract between PADA and a labor organization. Since 1953, however, a bargaining representative of the mechanics and repairmen of PADA's members had been successful in negotiations with PADA for multiemployer contracts. Additionally, bargaining representatives of the employers' remaining shop employees had met with similar success, also since 1953.

The Regional Director rejected the companies' contention that only a multiemployer unit was appropriate. He directed that the requested elections be held, and the Board denied the companies' requests for review.

In the elections, the Union was selected as the bargaining representative. As an election observer, the Union had used a salesman employee of a San Francisco automobile dealer. The salesman was at that time a vice-president of the Union, and the salesmen of his San Francisco employer were already represented by the Union. The respondents, contending that the presence of this particular observer prevented free elections, sought, by filing objections, to have the elections set aside. It was not contended, however, that the observer conducted himself improperly. After an administrative investigation, the Regional Director determined that the observer spoke to no voter during the election. The objections of the companies were overruled, and the Regional Director certified the Union as the representative of the two groups of salesmen. The Board denied requests for review and subsequent requests for reconsideration.

The companies refused to recognize the Union or to bargain with it. The Union filed charges, and complaints were issued. The complaints charged that the companies, by their refusal to bargain, had violated sections 8(a) (1) and 8(a) (5) of the National Labor Relations Act. 29 U.S.C. § 158(a) (1) & (5). The respondents generally denied, in their answers, that they had violated the Act, and the Board's General Counsel moved for summary judgments. The Board ordered the respondents to show cause why the motions should not be granted. The responses presented the contention that the Board was without power to rule on the complaints without conducting a hearing in each case and that it had no authority to grant motions for summary judgment. The Board rejected this view and entered summary judgments under which the respondents were directed to cease and desist from the unlawful con-

1. Professional Automobile Salesmen, Drivers and Demonstrators, Local No. 960, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

duct, to bargain with the Union upon request, and to post the usual notice.

In resisting the present petitions, the respondents make the same objections as those that they made to the Board and its Regional Director. We agree with the Board that none of the three is well taken.

■■ In determining that a particular unit is appropriate, the Board is properly vested with broad discretion. Its determination should not be disturbed in the absence of demonstration that it acted arbitrarily. Packard Motor Car Co. v. NLRB, 330 U.S. 495, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); NLRB v. Merner Lumber & Hardware Co., 345 F.2d 770 (9th Cir.), cert. denied, 382 U.S. 942, 86 S.Ct. 397, 15 L.Ed.2d 352 (1965). The fact that there had been a history of successful multiemployer bargaining with representatives of groups of different classes of employees should not, of itself, divest the salesmen of their right to choose a representative. And the history of unsuccessful multiemployer bargaining in connection with the salesmen is clearly explanatory, as well as supportive, of the Board's new determination that the single-employer unit was appropriate. A holding that where there have previously been determinations of the appropriateness of one type of unit, the Board cannot, after twelve years of unsuccessful bargaining, recognize that a different unit is appropriate would encourage the recalcitrant and impair desired effectiveness in bargaining relationships.

■ We also agree with the Board that the mere presence of the particular Union observer did not vitiate the election. See NLRB v. Zelrich Co., 344 F.2d 1011, 1015 (5th Cir. 1965); Shoreline Enterprises of America, Inc. v. NLRB, 262 F.2d 933, 942, 69 A.L.R.2d 1174 (5th Cir. 1959); NLRB v. Huntsville Mfg. Co., 203 F.2d 430, 434 (5th Cir. 1953).

■ Finally, we hold that the Board properly granted the motions for summary judgment. This issue is adequately discussed and properly resolved in the Board's reported opinions in the present proceedings. 161 N.L.R.B. Nos. 121, 122.

The petitions will be Enforced.