**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DAVIS CAFETERIA, INC., and Polly Davis Broward Cafeteria, Inc., Respondents.**

**No. 21578.**

United States Court of Appeals
Fifth Circuit.

June 5, 1968.

---

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Richard P. Lawlor, Elliott Moore, Attys., N.L.R.B., for petitioner.

J. Frank Ogletree, Jr., Atlanta, Ga., for respondents.

Before WISDOM, BELL and DYER, Circuit Judges.

DYER, Circuit Judge:

This is the second petition[1] by the National Labor Relations Board for enforcement of its order finding respondents in violation of sections 8(a) (5) and (1) of the National Labor Relations Act[2] for their refusal to bargain with the union as representative of the employees of two of the parent company's[3] eight south Florida cafeterias. We pretermit a detailed exposition of the facts as they are fully stated in our previous opinion in this case. N.L.R.B. v. Davis Cafeteria, Inc., 5 Cir. 1966, 358 F.2d 98, 98–99. Briefly, the controversy centers on the Board's determination that two of the eight Davis cafeterias in the Miami area administrative district constitute an appropriate bargaining unit. We initially denied enforcement of the Board's petition because the Board had failed to articulate the basis of its order. On remand the Board, without further hearing, entered a supplemental decision reaffirming its position.

We recognize that in determining appropriate bargaining units "a

---

1. On March 18, 1966, this Court denied enforcement of the Board's first petition and remanded the cause because the Board "had failed to state the basis of its decision, without which there could be no · proper review." N.L.R.B. v. Davis Cafeteria, Inc., 5 Cir. 1966, 358 F.2d 98, 100.

2. 29 U.S.C.A. § 158(a) (1), (5).

3. The two respondent cafeterias are wholly owned subsidiaries of Miami Cafeteria, Inc., which also owns six other cafeterias in the Miami area. These cafeterias constitute one administrative district.

wide discretion has been vested in the Board," N.L.R.B. v. Belcher Towing Co., 5 Cir. 1960, 284 F.2d 118, 120, and that this court may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo," Universal Camera Corp. v. N.L.R.B., 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456. However, in this case the record considered as a whole clearly shows that the Board has abused its discretion, its decision is not supported by susbtantial evidence in the record or by judicial decisions, and its order must, therefore, be set aside.

■ In its supplemental decision[4] the Board itself recognized:

There are, concededly, a number of factors which would appear to militate in favor of the appropriateness of a multi-cafeteria unit. Thus, there is a degree of functional integration between the central office and the eight cafeterias operated by the Respondents, as evidenced by the facts that personnel, payroll, and Social Security records are kept by the general office; *the general office determines labor policy*, rates of pay, hours of work, and insurance benefits; and the general office supplies a master menu for the assistance of the local managers, and determines the food prices to be charged to customers. (Emphasis added.) Notwithstanding these most compelling facts, the Board determined that each cafeteria manager had sufficient autonomy to render each cafeteria an appropriate unit. An examination of the factors upon which reliance was placed, in light of the entire record, demonstrates that they do not constitute any sort of local managerial authority over substantive subjects of collective bargaining. While the local manager does have authority to order food and supplies for his cafeteria, the record is clear that he may only use a list of suppliers and prices issued by the general office. Both the general office and the local managers have authority to hire and fire employees, but the fact that the local manager has this authority does not alone make his cafeteria an appropriate unit. N.L.R.B. v. Frisch's Big Boy Ill-Mar, Inc., 7 Cir. 1966, 356 F.2d 895, 897. The manager may obligate the company's credit, but only for certain cleaning supplies within a limit set by the general office. Managers do not have authority to grant wage increases, but may recommend raises to the general office. Each cafeteria has a separate bank account, but the manager has no authority to draw on it.

■ The Board's supplemental decision was rendered on September 14, 1966, and placed almost total reliance on its decision in Purity Food Stores, Inc., 160 N.L.R.B. 53, which involved a factual situation nearly identical to that in the case *sub judice*. However, on May 8, 1967, the Board's petition for enforcement in *Purity Foods* was denied by the First Circuit and its order was set aside. N.L.R.B. v. Purity Food Stores, Inc., 1 Cir. 1967, 376 F.2d 497. Here, as in that case, "the 'independence' of the stores * * * amounts to no more than a few miles of physical separation and the consequent division of a few ministerial responsibilities. This is far from enough." Id. at 501. In view of the elucidating opinions in the *Purity Foods* case, in N.L.R.B. v. Frisch's Big Boy Ill-Mar, Inc., supra, and in the Board's own unpublished opinion in Bickford's Inc., d/b/a M & M Cafeteria, Cases No. 12–RC–1617, 1618 (1963)[5] it would serve no precedental value for us to repeat what we have previously said, or what the First and Sev-

---

4. 160 N.L.R.B. No. 80.
5. We reiterate what we said in our prior opinion, that *Bickford's, Inc.* is "a case so similar to this case in its facts that efforts to distinguish it seem futile * * *." 358 F.2d at 100. The Board's attempt to repudiate that case because it never came before the Board for review is unpersuasive, since the Board expressly delegated its powers, under section 3(b) of the NLRA, to the Regional Director.

enth Circuits have already so well said. In the circumstances of this case, labor plicy is centrally determined, and where local managers do not have authority to decide questions which would be subjects of collective bargaining, the two respondent cafeterias do not constitute an appropriate bargaining unit.[6]

The Board's petition for enforcement of its order is therefore denied and under the authority of section 10(e) of the NLRA, a decree will be entered setting aside the order of the Board.

---

6. Two recent cases have been called to our attention by the Board. Necessarily the appropriateness of unit determinations must be decided on the peculiar facts of each case. Both of these recent cases are factually inapposite to the situation before us. In N.L.R.B. v. Western & Southern Life Ins. Co., 3 Cir. 1968, 391 F.2d 119, "the Board drew a permissible conclusion from the record, including Company manuals, that the district managers have 'considerable leeway within the broad outlines of company policy to implement' the Company's business program." Id. at p. 122. The record in this case would not support such a conclusion. In Banco Credito y Ahorro Ponceno v. N.L.R.B., 1 Cir. 1968, 390 F.2d 110, the Court distinguished its *Purity Foods* case because in *Banco Credito* "The real albeit limited authority of the branch manager as to matters of immediate importance to employees, the relative remoteness of the branch, the almost complete absence of interchange of personnel between Arecibo and other parts of the system *together* justify the Board's designation of the Arecibo unit." Id. at p. 112. (Emphasis added.) As shown above, the facts in the case *sub judice* are not comparable.