NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SOLIS THEATRE CORP., and Interboro Circuit, Inc., Respondents.

No. 54, Docket 32201.

United States Court of Appeals Second Circuit.

Argued Oct. 10, 1968.

Decided Nov. 14, 1968.

382

---

Ian David Lanoff, N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Allison W. Brown, Jr., N. L. R. B., Washington, D. C., on the brief), for petitioner.

William Gold, New York City, for respondents.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge:

Interboro Circuit, Inc., owns and controls a chain of 15 incorporated theatres located throughout Manhattan, the Bronx, Brooklyn, Queens, Long Beach, and West Haverstraw, New York. Through its wholly owned subsidiary, Solis Theatre Corp., it operates the Freeman Theatre, which is one of three Interboro theatres in the Bronx.

On June 21, 1966, the United Independent Theatre Employees Union filed with the National Labor Relations Board a petition seeking to represent all regular and part-time doormen, cashiers, ushers and matrons employed at the Freeman Theatre. After a hearing, the Board's Regional Director, on August 16, 1966, decided that the unit of employees at this single theatre was appropriate for purposes of collective bargaining and issued a direction of election. The Board denied respondents' request for review of that decision, and the election was held on September 12, 1966, in which the employees of the designated unit voted unanimously for the Union.

The Union was duly certified on September 20, 1966 and requested recognition and bargaining on October 28, 1966, but the respondents refused to bargain on grounds that the unit was inappropriate and that the Union's discriminatory practices violated the National Labor Relations Act and Chapter VII of the Civil Rights Act of 1964. The Board rejected these defenses, found violations of § 8(a) (1) and (5) of the Act for interference with employees in the exercise of their rights and for refusal to bargain, and ordered respondents to cease and desist from their unlawful conduct and to bargain with the Union upon request.

■ In this petition for enforcement, the principal issue is the propriety of the Board's decision that the single theatre was under the circumstances the appropriate unit for collective bargaining. Section 9(b) of the Act places the responsibility for making this determination in the hands of the Board. Such unit determination necessarily involves the use of a large measure of informed discretion by the Board, and its decision is to be disturbed only if arbitrary and unreasonable. Packard Motor Car Co. v. Labor Board, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); N. L. R. B. v. St. John's Associates, Inc., 392 F.2d 182 (2 Cir. 1968); N. L. R. B. v. Sunrise Lumber & Trim Corp., 241 F.2d 620, 624 (2 Cir.) cert. denied, 355 U.S. 818, 78 S.Ct. 22, 2 L.Ed.2d 34 (1957).

■ We are aware of the difficulties in making unit determinations that, on the one hand, effect the policy of the Act to assure employees the fullest freedom in exercising their rights and, on the other hand, respect the interest of an integrated multi-unit employer in maintaining enterprise-wide labor relations. In this case, examination and consideration of the record as a whole brings us inescapably to the conclusion that the facts on which the decision of the Board is based are not supported by substantial evidence. The Board's action must under the circumstances be held to be arbitrary and unreasonable and accordingly, its petition for enforcement is denied.

It is clear from the record that Interboro, itself, is the center of operations for the whole theatre circuit. It directly handles all the film leasing and booking, purchasing, bookkeeping and advertising, sets admission prices and schedules, takes care of all theatre maintenance, and does all the clerical work, including the payment of bills and handling of payrolls. It appoints one director who is in charge of the operations of all fifteen theatres. It is of marked significance that Interboro sets a single labor policy for the entire circuit, which has resulted in similar wages, hours and working conditions for all of its employees. Moreover, the pattern of previous and existing unionization of other Interboro theatre employees is circuit-wide including that of all of the remaining employees at Freeman Theatre.

In large part, the Board based its unit determination on the role of the local manager of the Freeman Theatre, but the evidence shows that his authority is limited to little more than overseeing the daily activities of the employees. For example, he disciplines and reprimands employees, initially interviews job applicants, although the final decisions on hiring and firing are made by Interboro, and prepares and submits vacation schedules for approval by Interboro. It appears, therefore, that instead of being in a decision making position, the "manager" has little or no authority on labor policy but is subject to detailed instructions from the central office.

The Courts of Appeals have been reluctant to sanction bargaining units whose managers lack the authority to resolve issues which would be the subject of collective bargaining. NLRB v. Frisch's Big Boy Ill-Mar, Inc., 356 F.2d 895 (7 Cir. 1966) (held one of ten centrally controlled restaurants in Indianapolis to be an inappropriate unit); NLRB v. Purity Food Stores, Inc., 376 F.2d 497 (1 Cir. 1967) (held one of seven integrated supermarkets within a thirty mile radius to be an inappropriate unit);

NLRB v. Davis Cafeteria, Inc., 396 F.2d 18 (5 Cir. 1968) (held two of eight centrally controlled cafeterias in the Miami area were not a proper unit). This is not to say that some compelling reason may not justify fractionating an otherwise centrally controlled system of branch units. For example, in Banco Credito y Ahorro Ponceno v. NLRB, 390 F.2d 110 (1 Cir.) cert. denied, 89 S.Ct. 101, (U.S. October 15, 1968), upon which petitioner places some emphasis, the court approved a unit determination based on geographical considerations. The Board had established a separate unit for a rather isolated branch bank, located forty miles from the main office, whose manager had responsibilities exceeding those of other branches. The facts of the present case are not comparable. The Freeman Theatre is clearly centrally located and is only a short distance from Interboro's two other Bronx theatres.

Petitioner's reliance on NLRB v. Sun Drug Co., 359 F.2d 408 (3 Cir. 1966) and NLRB v. Winn-Dixie Stores, Inc., 341 F.2d 750 (6 Cir. 1965) is equally misplaced. In *Sun Drug*, one of fifty-two drugstores in western Pennsylvania was deemed an appropriate unit upon evidence that the local manager had extensive authority and responsibility, and that the drugstore was the only one of the chain in the City of New Castle. The factors on which the holding in *Winn-Dixie* was based were either the factual opposites or were absent in the proof of the circumstances in the present case.

Finally, we are not persuaded to enforce the Board's order on the basis of NLRB v. Merner Lumber and Hardware Co., 345 F.2d 770 (9 Cir. 1965), where the court endorsed a unit comprised of one of two hardware stores subject to common management with common labor policies and less than seven miles apart, but failed to disclose the considerations upon which the decision was based.

Our disposition of this case obviates the necessity of any discussion of re-

spondents' charge of Union discriminatory practices under the Civil Rights Act.

The petition for enforcement is denied.