## NATIONAL LABOR RELATIONS BOARD, Petitioner–Cross–Respondent,

v.

## BLACK BULL CARTING INC., and Black Bull Transfer Station, Inc., Respondents–Cross–Petitioners.

Nos. 1890, 2096, Dockets 93–4273, 94–4007.

United States Court of Appeals, Second Circuit.

Argued June 30, 1994.

Decided July 5, 1994.

Joseph J. Jablonski, Jr., N.L.R.B., Washington, DC (Frederick L. Feinstein, General Counsel, Linda Sher, Acting Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Howard E. Perlstein, Deputy Asst. Gen. Counsel, on the brief), for petitioner-cross-respondent.

Gary C. Cooke, New York City (Horowitz & Pollack, on the brief), for respondents-cross-petitioners.

Before: KEARSE and ALTIMARI, Circuit Judges, and SCHWARTZ, District Judge *.

PER CURIAM:

Petitioner National Labor Relations Board (the "Board") petitions for enforcement of its order dated April 22, 1993, requiring respondents Black Bull Carting Inc., et al. ("Black Bull"), to bargain with Private Sanitation Union, Local 813, International Brotherhood of Teamsters, AFL–CIO ("Local 813" or the "Union"), following the Board's determination that Local 813 won a representation election. Black Bull cross-petitions for review, seeking to set aside the election on the ground that Local 813 used an unauthorized person as an election observer. For the reasons below, we grant enforcement of the order and deny the cross-petition for review.

In a representation election to determine what union, if any, would represent certain Black Bull employees, Local 813 used as an observer a Union official who was an employee of a company other than Black Bull. It was eventually determined that Local 813 won the election, and the Board has

* Honorable Allen G. Schwartz, of the United States District Court for the Southern District of New York, sitting by designation.

ordered Black Bull to bargain with Local 813. Black Bull, relying in part on the Board's Casehandling Manual ("Manual"), which states that "[o]bservers must be non-supervisory employees of the employer, unless a written agreement" by the parties "provides otherwise" (Manual at § 11310), contends that the election should be set aside. We reject Black Bull's contentions.

Black Bull's reliance on the Manual is flawed. The Manual itself provides that the guidelines it sets out are "not Board rulings or directives and although it is expected that they will be followed ..., it is also expected that there may be departures through exercise of professional judgment in varying circumstances. They are not intended to be and should not be viewed as binding procedural rules." Further, the Manual's reference to " 'nonsupervisory employees of the employer' ... is aimed primarily at preventing intimidation that might take place should the *employer* choose to have *supervisory* employees present. It is not aimed at stopping observers who are union officials." *New England Lumber Division of Diamond International Corp. v. NLRB*, 646 F.2d 1, 3 (1st Cir.1981) (emphasis in original).

■ As a general matter, the conduct of a representation election is a purely administrative function with which the court should not interfere absent the most glaring discrimination or abuse. *See, e.g., Rochester Joint Board v. NLRB*, 896 F.2d 24, 27 (2d Cir.1990); *NLRB v. Olson Bodies, Inc.*, 420 F.2d 1187, 1189 (2d Cir.1970), *cert. denied*, 401 U.S. 954, 91 S.Ct. 966, 28 L.Ed.2d 237 (1971). "[W]hen reviewing a request to overturn a Board decision refusing to set aside an election, we are limited to the narrow question of whether the Board abused its discretion in certifying the election," *Rochester Joint Board v. NLRB*, 896 F.2d at 27, and "we ordinarily defer to the expertise and discretion of the Board," *Bridgeport Fittings, Inc. v. NLRB*, 877 F.2d 180, 183 (2d Cir. 1989).

■ A party seeking to overturn an election on the ground of a procedural irregularity has a heavy burden. *See, e.g., NLRB v. Mattison Machine Works*, 365 U.S. 123, 123–24, 81 S.Ct. 434, 435, 5 L.Ed.2d 455 (1961)

(per curiam); *Polymers, Inc. v. NLRB*, 414 F.2d 999, 1004 (2d Cir.1969), *cert. denied*, 396 U.S. 1010, 90 S.Ct. 570, 24 L.Ed.2d 502 (1970); *NLRB v. Newton–New Haven Co.*, 506 F.2d 1035, 1036 (2d Cir.1974). The presence of such an irregularity is not in itself sufficient to overturn an election. *See, e.g., Polymers, Inc. v. NLRB*, 414 F.2d at 1004; *cf. NLRB v. Mattison Machine Works*, 365 U.S. at 124, 81 S.Ct. at 435. Nor is it sufficient for a party to show merely a "possibility" that the election was unfair. *See, e.g., NLRB v. Mattison Machine Works*, 365 U.S. at 124, 81 S.Ct. at 435; *Polymers, Inc. v. NLRB*, 414 F.2d at 1004. Rather, the challenger must come forward with evidence of actual prejudice resulting from the challenged circumstances. *See, e.g., NLRB v. Mattison Machine Works*, 365 U.S. at 124, 81 S.Ct. at 435 (requiring showing of "prejudice to the fairness of the election").

"The Board has consistently held, with court approval, that the designation of a union official as observer does not warrant overturning an election unless there is evidence that the official engaged in improper conduct while acting in that capacity." *New England Lumber Division of Diamond International Corp. v. NLRB*, 646 F.2d at 3; *see also NLRB v. E–Z Davies Chevrolet*, 395 F.2d 191, 193 (9th Cir.1968) (upholding Board determination that presence of union vice-president as observer did not "vitiate the election"); *Shoreline Enterprises of America, Inc. v. NLRB*, 262 F.2d 933, 942 (5th Cir.1959) (" 'the select[ion of] union officers or leaders' as election observers ... is not 'a ground for invalidating the election' "); *Standby One Associates*, 274 N.L.R.B. 952, 953 (1985) ("Although it is preferable to avoid nonemployee union representatives acting as election observers for the Union, it is not a sufficient basis for refusing to recognize the validity of the ... election").

■ In the present case, Black Bull has not alleged that the nonemployee union official engaged in any misconduct; nor has it shown that the election was in any respect unfair or that it resulted in any cognizable prejudice to Black Bull. We conclude that Black Bull has not met its burden of showing

that the Board abused its discretion in refusing to set aside the election.

## CONCLUSION

We have considered all of Black Bull's arguments in opposition to enforcement and have found them to be without merit. The petition for review is denied. The order of the Board is enforced.