**NATIONAL LABOR RELATIONS BOARD**

v.

**DALLAS CONCRETE CO.**

No. 14813.

United States Court of Appeals
Fifth Circuit.
April 22, 1954.

A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, Elizabeth W. Weston, Principal Atty., George J. Bott, Gen. Counsel, Elizabeth B. Head, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

George E. Seay, Lucian Touchstone, Malone, Lipscomb & Seay, Dallas, Tex., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition to enforce an order of the National Labor Relations Board, requiring the respondent to cease and desist from refusing to bargain collectively with the union, and from interfering with, restraining, or coercing its employees in the exercise of their organizational rights. Respondent, a Texas corporation with its principal office in Dallas, is engaged in the manufacture, sale, and distribution of ready-mixed concrete. On June 21, 1951, eleven of respondent's nineteen truck drivers signed applications for membership in the union. After the receipt of these applications, the union's representative wrote respondent a letter, informing it that a majority of the ready-mix drivers had designated the union as their bargaining agent, requesting a meeting, and offering to prove the union's claim of representation. The respondent never replied to this letter, and on July 26, 1951, the union initiated these proceedings.

The principal defense relied on by respondent is that the unit designated by the union as "Ready-Mix Drivers" is ambiguous, and that the union did not represent a majority of said unit. Respondent asserts, therefore, that it was not and could not have been guilty of unfair labor practices. The board found that the unit designated by the union as ready-mix drivers consisted of the employees listed on respondent's payroll as "truck drivers," and rejected the respondent's contention that all or some of its other employees who drove ready-mix trucks occasionally, particularly four men classified on the payroll as "mixer-mobile operators," were so closely identified with the truck drivers that they too were members of the unit termed ready-mix drivers. There is a clear distinction between the truck drivers and the mixer-mobile operators, as the latter are primarily operating engineers engaged in construction work and not truck drivers engaged in making deliveries. The mixer-mobile operators receive more specialized training and a higher rate of pay, and are required to be members of the Operating Engineers Union as a condition of employment.

The evidence shows that the union intended to represent the ready-mix drivers, and referred only to those 19 employees designated by the respondent as truck drivers. The union never sought to organize any of the other employees of respondent. Furthermore, it is apparent from the record that respondent itself recognized the ready-mix drivers as including only those employees who regularly drove ready-mix trucks and who were carried on the payroll as truck drivers, since, upon receipt of the letter from the union, respondent's manager questioned only those employees classi-

fied as truck drivers. The president of respondent testified at the hearing that, at the time he got the letter, he did not know that any of the truck drivers were members of the union. In its answer to the complaint filed by the union, the respondent asserted that a "plant-wide unit is appropriate and it is improper to confine that unit alone to truck drivers." There is no substantial evidence in the record to support respondent's contention that the union's request for recognition was ambiguous with respect to the unit, or definitive of a unit that embraced more employees than the group wherein the union had a majority.

The evidence shows further that the respondent interfered with the organizational efforts of the ready-mix drivers. Respondent interrogated these employees concerning their union activities and sympathies, threatened to close its plant rather than recognize the union, unilaterally granted them a wage increase for the purpose of discouraging their organizational activities, and promised economic benefits to those employees who would abandon the union. This conduct clearly constituted a violation of Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C.A. § 158 (a)(1). N. L. R. B. v. Booker, 5 Cir., 180 F.2d 727. The evidence establishes a refusal to bargain by the respondent, as the latter failed to recognize or to meet with the union, which represented a majority of the employees in the designated unit. The board found that the employee group represented by the union was an appropriate unit within the meaning of Section 9(b) of the Act, which provides that the board is invested with discretion to decide who is the appropriate bargaining unit in each case. The board's determination in this regard will not be disturbed in the absence of a showing that it was so unreasonable and arbitrary as to exceed the board's power. We are of the opinion that the decision of the board was reasonable and clearly within its power. Packard Motor Co. v. N. L. R. B., 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040.

The findings of the board being supported by substantial evidence in the record as a whole, the petition for enforcement is granted.

Enforced.