**SPARTANS INDUSTRIES, INC.,** Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 26220.

United States Court of Appeals Fifth Circuit.
Jan. 31, 1969.

John E. Jay, Walter N. Kaufman, Parker, Chapin & Flattau, New York City, for petitioner. Michael J. Shef, New York City, of counsel.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Harold B. Shore, Atty., NLRB, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Michael N. Sohn, Atty., NLRB, for respondent.

S. G. Lippman, Donald Grody, Washington, D. C., James P. Wolf, Houston, Tex., for intervenor.

Before GOLDBERG and MORGAN, Circuit Judges, and LIEB, District Judge.

MORGAN, Circuit Judge:

This case is before the court upon the petition of Spartans Industries, Inc., to review and set aside the Board's order issued against it on January 24, 1968. The Board has cross-petitioned for enforcement. The Board found that the Company violated Section 8(a) (2) and

(1) of the National Labor Relations Act [1] by extending recognition to a union at a time when the union did not represent a majority of its employees in an appropriate unit.

The Company is a New York Corporation operating a chain of retail stores in a number of states in the United States. Prior to March 1966, petitioner operated two retail stores in San Antonio, Texas, which employed about 84 and 86 employees, respectively. These two stores operated under a collective-bargaining agreement between the Company and Local 455, Retail Clerks International Association, AFL–CIO. This agreement provided, in part:

> " * * * the application of the terms and provisions of this Agreement shall embrace all present and future retail establishments of the Employer situated within the San Antonio, Texas, metropolitan area * * * "

In March 1966, the Company merged with Atlantic Thrift Center, Inc. As a result of this merger, the Company acquired the Atlantic Thrift retail store in San Antonio, which employed about 77 employees. The employees at this store operated under a collective bargaining agreement between the Company and Texas-Oklahoma Joint Board, Amalgamated Clothing Workers of America, AFL–CIO which provided, in part:

> "The Employer recognizes the Union as the sole and exclusive collective bargaining agent for all employees * * now employed or hereafter to be employed in the Employer's present and future establishments located in greater metropolitan San Antonio, Texas * * * "

At the time of the merger, Atlantic had signed a lease for a new San Antonio retail store. This new store was opened for business in August 1966.

In July 1966, the president of petitioner's Spartan Department Stores Division sent identical letters to the respective parent bodies of the Retail Clerks Union and Amalgamated Clothing Workers Union. The effect of these letters was to notify both labor organizations that the Company would assume a neutral position with respect to Union representation of its employees at the new store. In addition, it assured both unions that the new employees would be hired through state agencies rather than be transferred from the existing stores. In the guidelines that accompanied the letter it was stated that no representative of any union would be permitted to enter the store for organizing purposes and that no management representative would engage in any activities in favor of or against any union.

Both the Retail Clerks and Amalgamated Clothing Workers were dissatisfied with the policy established by the Company. The Retail Clerks contended that as a proper interpretation of their contract the employees of the new store should be within their union. In response, Amalgamated Clothing Workers notified the Company that any attempt by it to recognize any other union prior to the outcome of an election would result in their filing an unfair labor practice charge.

In September 1966, the chairman of the Company's Board of Directors informed both unions that henceforth it would recognize the Retail Clerks Union as exclusive bargaining agent for the employees at the new store. The employees of the new store were also advised of this determination. Shortly thereafter, representatives of the Retail Clerks, with the Company's permission, spoke to employees in the employees' lounge and solicited membership and authorization for dues deductions.

In response to this recognition given the Retail Clerks by the Company, Amalgamated Clothing Workers filed a complaint with the Regional Director. In affirming the Trial Examiner, the Board

---

1. National Labor Relations Act, Section 8(a) (1) and (2), as amended, 61 Stat. 140 (1947); 29 U.S.C. Section 158(a) (1) and (2) (1964).

found that the Company violated Section 8(a) (2) and (1) of the Act as well as that the new store constituted an appropriate unit for the purposes of collective bargaining.

■ In arriving at a determination in this matter, we must consider several principles of labor policy which have been established by the Congress and the Courts. Section 9(b) of the Act[2] directs the Board to fashion its collective bargaining unit determination in such a manner as to insure to employees the fullest freedom in exercising their rights guaranteed by this Act. Such Board unit determinations involve of necessity a large measure of informed discretion and should not be set aside unless the reviewing court finds that the Board has exercised its discretion in an arbitrary or capricious manner. Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); May Dept. Stores Co. v. N. L. R. B., 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145 (1945).

■ We have concluded that the Board's ruling in this action was not unsupported or arbitrary. The spirit of the national labor policy is grounded on the fundamental precept that employees should be free to select their representatives. Although the doctrine of accretion has been extended full recognition within the law, the independence of the employee even in this field has been strongly protected. In a recent opinion, the Ninth Circuit expressed this same view in stating:

"Questions [of the propriety of accretion] arise only when the new group remains identifiable, * * * In these situations, the Board will examine the entire picture before permitting the new employees to be swallowed up by the bargaining representative of the employer's other employees without expressing their wishes in the matter." N. L. R. B. v. Food Employers Council, 399 F.2d 501 (9 Cir., 1968).

■ Bearing in mind the above principles, we are in accord that the present action does not come within the accretion doctrine. Both unions, Retail Clerks and Amalgamated Clothing Workers, were performing under similar collective bargaining agreements with the Company in that each agreement provided for the expansion of its union to encompass future employed workers. However, the Retail Clerks Union urges that the new employees of the Company should be absorbed within its labor organization without self-initiative on their part. It is the Amalgamated Clothing Workers Union's contention that an election should be conducted without reference to the possibility that the new employees would come within the accretion provision of its labor contract. To determine the applicability of the accretion doctrine, the Board considers the history of collective bargaining; the extent of centralized and local managerial control over labor relations and store policies; the geographical proximity of the stores to each other; the frequency of the interchange of employees between the stores, and whether any union is seeking a more limited or broader unit than the unit proposed. Great Atlantic and Pacific Tea Co., 140 N.L.R.B. 1011 (1963). In the case of Pullman Industries, Inc., 159 N.L.R.B. 580 (1966), the Board established the additional consideration that the accreted unit should not numerically overshadow the pre-existing unit. In reviewing the facts of this case within the framework of these criteria, the Board was justified in making the determination accretion was improper.

We find no irregularity in the Board's designation of the new store as an appropriate bargaining unit. Through the teachings of N. L. R. B. v. Sun Drug Co., 359 F.2d 408 (3 Cir. 1966), it is acknowledged that a single store under the proper circumstances is a valid bargaining unit. The cases cited in *Sun Drug Co.* supra, demonstrate that the Board

2. National Labor Relations Act, Section 9(b); 29 U.S.C. Section 159(b).

has consistently designated single stores of retail chains as appropriate units when the circumstances warrant. The facts of this controversy appear to justly support a single store unit. The Company presently operates one of its stores in its San Antonio administrative area as a single store unit. The remaining two stores are merged to form a second bargaining unit. Moreover, the Company has contracted with separate labor unions covering the two bargaining units within the San Antonio administrative and geographical area. Thereby, one unit covering the San Antonio administrative area is precluded. The Board's conclusion to establish three units rather than two units within the area is rational as well as being authorized by the law.

As usual, the Board required the Company to post an appropriate notice. In its Decision and Order, the Board directed the insertion of the following paragraph in the notice recommended by the Trial Examiner:

> "After a trial in which all parties had the opportunity to present their evidence, the National Labor Relations Board has found that we violated the law and has ordered us to post this Notice and to keep the promises that we make in this Notice."

It is well settled that in effectuating the policies of the National Labor Relations Act the Board has broad powers to fashion remedies. As the Supreme Court observed in N. L. R. B. v. Seven-Up Bottling Co., 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377 (1953), "[W]hen the Board, 'in the exercise of its informed discretion,' makes an order \* \* \*, the order 'should stand unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act.'" It is equally well settled that the posting of notices advising the employees of the Board's order and announcing the readiness of the employer to obey it is within the authority conferred on the Board. N. L. R. B. v. Express Publishing Co., 312 U.S.

426, 61 S.Ct. 693, 85 L.Ed. 930 (1941). The Board did not abuse its discretion by requiring the insertion which merely stated the findings of the Board and the intentions of the Company in clear simple language.

The findings of the Board having been reviewed, the Company's petition is denied. The cross-petition for enforcement is granted.

Order enforced.