**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TALLAHASSEE COCA–COLA BOT-TLING COMPANY, Inc.,**
Respondent.

No. 26322.

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Harold A. Boire, Reg. Dir., N. L. R. B., Tampa, Fla., Warren M. Davison, Atty., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Leonard M. Wagman, Atty., N. L. R. B., Washington, D. C., for petitioner.

Daniel R. Coffman, Jr., Robert C. Lanquist, Hamilton & Bowden, Jacksonville, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

This case is again before this Court upon the petition of the National Labor Relations Board for the enforcement of its order of May 4, 1965, directing the Tallahassee Coca-Cola Bottling Company, Inc., to bargain collectively with Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 991. The employer has refused to bargain with the union in order to test the appropriateness of the bargaining unit certified by the Board.

When this case was last before our Court, the Board's petition for enforcement was denied, and the case was remanded for further articulation by the Board of its criteria for certifying this plantwide unit instead of separate units (a) for route salesmen and (b) for production and maintenance men. N. L. R. B. v. Tallahassee Coca-Cola Bottling Company, 5 Cir. 1967, 381 F.2d 863. The Board has reviewed its holding, and has issued a supplemental decision reaffirming its prior determination and further explicating the rationale for its certification of this unit. Our primary question is whether the Board's supplemental decision furnishes the criteria required by our earlier opinion.

In scrutinizing this supplemental decision of the Board, we have a very narrow aperture of review. As we said in Spartans Industries, Inc. v. N. L. R. B., 5 Cir. 1969, 406 F.2d 1002:

"In arriving at a determination in this matter, we must consider several principles of labor policy which have been established by the Congress and the Courts. Section 9(b) of the Act directs the Board to fashion its collective bargaining unit determination in such a manner as to insure to employees the fullest freedom in exercising their rights guaranteed by this Act. Such Board unit determinations involve of necessity a large measure of informed discretion and should not be set aside unless the reviewing court finds that the Board has exercised its discretion in an arbitrary or capricious manner [cases cited]."

We have, after careful study, concluded that the Board has adequately explained its rationale for this unit determination. Our ambit of review does not justify our holding that this unit is inappropriate or legally indefensible.

We have also found that the company's contention that it was denied procedural due process by the Board's summary adjudication that it had violated § 8(a) (1) and (5) of the Act in refusing to bargain with the certified union is without merit. See N. L. R. B. v. Union Brothers, Inc., 4 Cir. 1968, 403 F.2d 883; cf. N. L. R. B. v. Air Control Products, 5 Cir. 1964, 335 F.2d 245, 251.

Order enforced.