NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

FIDELITY MAINTENANCE & CON-
STRUCTION COMPANY, Inc.,
Respondent.

No. 27767

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 20, 1970.

Marcel Mallet-Prevost, Asst. General
Counsel, N. L. R. B., Washington, D. C.,
Walter C. Phillips, Director, Region 10,
N. L. R. B., Atlanta, Ga., for petitioner.

William H. Smith, Jr., Ellison D.
Smith, Jr., Columbia, S. C., for respon-
dent.

Before THORNBERRY, CARSWELL
and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

■ This case is before this Court
upon the petition of the National Labor
Relations Board for enforcement of its
order issued against the Company, di-
recting the Company to bargain with the

International Brotherhood of Electrical Workers, Local 1579.[1] The employer has refused to bargain with the Union in order to test the appropriateness of the bargaining unit certified by the Board.

The Company furnishes maintenance and construction personnel on a contractual basis to various industrial firms located in the Augusta, Georgia area. At all times material to this case, the Company had annual contracts to provide maintenance work to Columbia Nitrogen Corporation, Columbia Nipro Corporation, Tennessee Corporation, and Hamberg Industries, Inc., and performed similar work for other firms on a job basis. The Company's headquarters are in Augusta, Georgia. Of the Company's 190 employees, approximately 110 are stationed at the Columbia Nitrogen liquid fertilizer plant located about two miles from the Company's office. About 40 of the Company's employees are employed refurbishing railroad cars at the Hamberg Industries plant, situated in South Carolina, approximately one mile from the Company's office. The Company also furnished approximately six employees for the operation of Tennessee Corporation's automated sulphuric acid and alum plant, located adjacent to the Columbia Nipro plants. The Company provides such maintenance employees as are required at the Tennessee plant on a temporary basis from its Columbia maintenance group.

The Company's central office hires employees, maintains payroll records for all employees, pays them on a single payroll, and exercises overall control of their employment. All employees are covered by the same job classification and wage rate policy, and enjoy uniform fringe benefits. The Company's fourteen supervisors, who are divided between the Company's various plant operations, have authority to hire and fire employees, and exercise immediate and responsible direction of the employees working with them.

On occasion, the Company transfers employees from the Columbia plant to other locations on a temporary basis. The Company contends that this ability to provide its contractors promptly with needed personnel is essential to the success of its business. There is no evidence in the record, however, that employees are transferred from one plant to another with any frequency. During the period from January 1, 1967 to September 8, 1967, the date of the hearing in the representation proceeding, approximately twenty-five of the Company's 190 employees were transferred between Company job sites; no more than fifteen of those transferees were transferred from the Columbia plant.

On October 27, 1967 the Regional Director issued a decision in which he found that a unit consisting of all of the Company's employees at the Columbia plant was appropriate for purposes of collective bargaining. On November 3, 1967 the Company requested the Board to review the Regional Director's unit determination, contending that the functional integration of its operations required a finding that a unit of all of the Company's hourly employees was the only appropriate unit, and that the Regional Director's unit determination violated section 9(c) (5) of the Act because it was controlled by the extent of the Union's organization. On November 27, 1967 the Board denied the request on the ground that it raised "no substantial issues warranting review." On November 28, 1967, the Regional Director conducted an election among the Company's Columbia plant employees, and, after an investigation of certain objections raised by the Company, the Regional Director

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

certified the Union as the collective bargaining representative of the Company's employees at the Columbia plant. Following its certification, the Union requested the Company to bargain with it as the representative of the employees at the Columbia plant. The Company refused. On petition of the General Counsel, the Board granted summary judgment against the Company, finding that the Company had violated section 8(a) (5) and (1) of the Act by refusing to bargain with the Union. The Board's order requires the Company to bargain with the Union upon request and to post appropriate notices. The Board petitions this Court for enforcement of its order.

■ Our standard for reviewing a collective bargaining unit determination of the Board is an exceedingly narrow one. Section 9(b) of the Act directs the Board to fashion its bargaining unit determination in such a manner as to insure to employees the fullest freedom in exercising their rights guaranteed by the Act. Such Board unit determinations "involve of necessity a large measure of informed discretion and should not be set aside unless the reviewing court finds that the Board has exercised its discretion in an arbitrary or capricious manner." Spartans Industries, Inc. v. N.L.R.B., 5th Cir. 1969, 406 F.2d 1002, 1005. As this Court recognized in N.L.R.B. v. Schill Steel Products, Inc., 5th Cir. 1965, 340 F.2d 568, 574, there "are so many good reasons one may easily find for the propriety of any particular unit's serving as the bargaining agency that anyone attacking the appropriateness of a certified bargaining unit wages an uphill fight."

■ While the case before us may well be a close one, and though this Court might have decided differently than the Regional Director and the Board had we been in their position, we cannot say that the Company has shown that the Board acted arbitrarily or capriciously in determining that the Company's Columbia plant employees constituted a proper collective bargaining unit. The record supports the Board's determination: The Columbia plant is physically separated from the Company's other operations, and its functions are divorced and unrelated to those performed at the Hamberg and Tennessee plants. Unlike the 40 Company employees at the Hamberg plant who perform maintenance work on railroad equipment, and the six Company employees who operate the Tennessee plant's automated production system, the 110 Columbia plant employees perform production, maintenance, storage and shipping functions. Further, the Columbia plant employees are under separate immediate supervision.

■■ In light of these factors, the Board had adequate basis for finding that the employees stationed at the Columbia plant constituted a unit appropriate for collective bargaining. Merely because the evidence shows that a unit of all of the Company's employees might also be appropriate does not militate against the Board's finding that the single plant unit is appropriate. As the Fourth Circuit declared in · N.L.R.B. v. Quaker City Life Insurance Company, 4th Cir. 1963, 319 F.2d 690, 693, "in many cases there is no 'right' unit, and the Board is faced with alternative appropriate units. The Board's choice among these will not be disturbed unless the choice has been made in a manner violative of the statute." See also N.L. R.B. v. Tallahassee Coco-Cola Bottling Company, Inc., 5th Cir. 1969, 409 F.2d 201, 202; N.L.R.B. v. Schill Steel Products, Inc., supra.

Since we find no abuse in the Board's discretion, we direct that the Board's order in this matter be

Enforced.