NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CROCKETT–BRADLEY, INC., Concrete
Sciences, Inc., C. B. Materials, Inc.,
and R. E. Holton, Inc., Respondents.

No. 74–3773.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1975.

Elliott Moore, Deputy Associate Gen.
Counsel, N.L.R.B., John H. Ferguson,
Atty., N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12,
N.L.R.B., Tampa, Fla., for petitioner.

Victor Hansen, Charles Kelso, Atlanta,
Ga., for respondents.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

**450**

DYER, Circuit Judge.

Crockett-Bradley, a Florida swimming pool construction company, urges that we deny enforcement of the Board's bargaining order because the underlying bargaining unit designation lacks a basis in substantial evidence, and thus was arbitrary and capricious. We disagree and enforce.

In early 1973, certain employees organized, and following the company's rejection of the union's request for recognition, unfair labor practice charges were filed. After a hearing the Board found the company had committed extensive unfair labor practices in violation of Section 8(a)(1) and (3) of the Act in the course of the union's organizational campaign. A bargaining unit of these particular employees, namely truck drivers, helpers, batchers and front-end loader operators, was recognized as appropriate, separate from the pool crew workers. A bargaining order was then issued to remedy the unfair labor practices, under the aegis of *NLRB v. Gissel Packing Co.*, 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547.

Several principles of Congressional labor policy govern our resolution of this appeal. Section 9(b) of the Act is the Board's guideline for bargaining unit designations, providing the Board "shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by the Act, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof."[1] The courts have consistently regarded these unit determinations as necessarily based upon informed discretion, and thus upon review subject to judicial challenge only for a finding "that the Board has exercised its discretion in an arbitrary or capricious manner." *Spartans Industries v. NLRB*, 5 Cir. 1969, 406 F.2d 1002, 1005.

The primary question for our determination then is whether Crockett's truck drivers indeed comprise an appropriate bargaining unit as the Board found. When a court finds such bargaining unit designation to be proper, its inquiry must end with the *Gissel* question of whether the Board was also entitled to issue an order to the employer to bargain with such unit rather than simply to hold an election.

■ The Board found that the drivers here constituted a clearly identifiable and functionally distinct group with a separate community of interest, thus applying the correct criteria of function and community of interest for determination of construction industry bargaining units. *Faulks Bros. Construction Co.*, 176 NLRB 324, 329 (1969); *Kalamazoo Paper Box Corp.*, 136 NLRB 134, 136–140 (1962). We thus conclude that based upon its technical expertise, the Board's decision is supported by substantial evidence.

■ While it is true that the facts of the case *sub judice* are somewhat close, the thrust of our national labor policy in these cases has been emphasis on the Board's "informed judgment based upon an analysis of the factual circumstances bearing upon the distinguishing factors present in each case." *Kalamazoo, supra* at 138. Thus in bargaining unit cases this court has repeatedly recalled the Supreme Court's caveat that the courts may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Universal Camera Corp. v. NLRB*, 1951, 340 U.S. 474, 488, 71 S.Ct 456, 95 L.Ed. 456. *See, e. g. NLRB v. Davis Cafeteria, Inc.*, 5 Cir. 1968, 396 F.2d 18, 19–20; *Monroe Mfg. Company v. NLRB*, 5 Cir. 1968, 403 F.2d 197, 199 (order designating truck-driver bargaining unit was proper). Precisely because "there are so many good reasons one may easily find for the propriety of any particular unit's serving as the bargaining agency," *NLRB v. Schill Steel Products, Inc.*, 5 Cir. 1965, 340 F.2d 568, 574, the mere fact of an additional plau-

1. National Labor Relations Act, Section 9(b); 29 U.S.C.A. § 159(b).

sible propriety of another bargaining unit other than the chosen one does not operate to broaden the narrow scope of our review. *NLRB v. Fidelity Maintenance & Construction Company,* 5 Cir. 1970, 424 F.2d 707, 709.

We catalogue the following as significant in support of the bargaining unit made up only of truck drivers. The drivers are not functionally members of the pool crews who do the actual construction work. The drivers, despite some degree of dual function, are primarily material transporters. The crew's primary function is construction. Neither the drivers' occasional assistance of the crew in clean-up work nor the intermittent hours spent waiting at the pool sites compel a conclusion that the drivers were an integral part of the production crew, as the company argues. The drivers, unlike the members of the pool crew, are not attached to a particular crew. The drivers work with numerous different crews all the time. Drivers have separate immediate supervision. The company conducts separate meetings for drivers and for crew members. There is little interchange of job assignment or job progression between drivers and crew members. Drivers receive free uniforms, the crew does not. Separate units of drivers were common in the Fort Lauderdale, Florida construction industry.

■ These facts, together with the Board's traditional recognition that special problems in the construction industry militate toward separate truckdrivers' units, *Faulks, supra,* convince us that the Board's truckdriver unit designation was not arbitrary or capricious. This court has previously upheld a very similar construction industry truckdriver unit determination which differentiated between concrete mixers who occasionally also drove trucks, but were "primarily operating engineers engaged in construction work and not truck drivers engaged in making deliveries." *NLRB v. Dallas Concrete Co.,* 5 Cir. 1954, 212 F.2d 98, 99. Likewise, in the instant case, these truckdrivers are not transmuted into construction workers merely because they also perform occasional bits of construction along with their primary task of transporting materials. The function and interests of the truckdrivers remain nonetheless reasonably distinct from those of the rest of the employees.

■ Having found that the company has failed to meet its burden in the uphill fight to show Board abuse of discretion, *NLRB v. Schill Steel Products, Inc., supra,* we next must consider whether the order to bargain with this unit was a correct remedy for the union's initial petition for recognition. The company filed no exception to the Administrative Law Judge's findings of unfair labor practices, that it had "engaged in an intensive campaign and course of conduct which was designed to interfere with, restrain and coerce its employees from the very first day it learned of the interest in Union organizations, and discriminated against them in their conditions of employment for the purpose of depriving employees of rights guaranteed by Section 7 of the Act." There was such a detailed record of unlawful interrogation, threats, warnings, promises, offers and an ultimatum, and an employee lockout, as to more than satisfactorily justify the Administrative Law Judge's conclusion of law that this "created an atmosphere which effectively destroyed any possibility of an opportunity for the exercise of a free choice by employees." Under *Gissel* such extensive and egregious unfair labor practices justify a Board bargaining order on the theory that the employer interference realistically had precluded the possibility of a fair election taking place. *See, NLRB v. WKRG–TV, Inc.,* 5 Cir. 1973, 470 F.2d 1302, 1319–20. The Board's bargaining order is thus entitled to enforcement.

Enforced.