NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SOUTHERN METAL SERVICE,
INC., Respondent.

No. 78–3356.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1979.

Elliott Moore, Deputy Associate, Gen. Counsel, Janet McCaa, Supervisor, Corinna L. Metcalf, Atty., N.L.R.B., Washington, D.C., for petitioner.

Jolly, Miller & Milam, Kenneth E. Milam, James R. Lockard, Jackson, Miss., for respondent.

Before COLEMAN, RONEY and FAY, Circuit Judges.

PER CURIAM:

This National Labor Relations Board petition presents three issues for determination: *first*, whether two truck drivers had sufficient community of interest with production and maintenance employees to justify their inclusion in the same bargaining unit; *second*, whether the Board impermissibly let the extent of employee organiza-tion control its determination of an appropriate unit; and *third*, whether the subjection of an employee to threats of adverse consequences prior to the election required that the vote in favor of the Union be set aside. Deciding against the employer on all three issues, we enforce.

Southern Metal Service, Inc. (Southern Metal) is a Mississippi corporation engaged in the processing of steel in its Gulfport facility. In a representation election held at the plant within a unit certified by the Board, consisting of 19 production and maintenance employees and two truck drivers, the vote was 11 to 10 in favor of representation by the International Association of Machinists and Aerospace Workers, AFL–CIO (the Union). When Southern Metal refused to bargain, the Board found the company in violation of Section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 158(a)(1) and (5), and ordered collective bargaining. The Board seeks enforcement of that order.

### Community of Interest

Southern Metal contends that inclusion of the truck drivers with production and maintenance employees makes the unit inappropriate. At one time the Board applied a rule which automatically included truck drivers in a comprehensive unit as long as no union sought to separately represent them. *See Valley of Virginia Cooperative Milk Producers Association*, 127 NLRB 785 (1960). That rule was abandoned in *E. H. Koester Bakery Co.*, 136 NLRB 1006 (1962), when the Board decided to examine truck drivers' duties, hours, supervision, role in the production process and other conditions of employment to determine whether they have sufficient community of interest with other employees to warrant inclusion in the larger unit. *Id.* at 1011.

Although limited, the record here reveals sufficient community of interest to support the Board's determination under the standard of review permitted to this Court. Although the Regional Director found that the truck drivers do no production work in the plant, work as needed

rather than on a regular schedule, and are paid per mile rather than by the hour, distinct differences between them and the other employees, he also found that both groups are hired by and receive paychecks from the same office manager; all employees in the unit are occasionally involved in loading the trucks, so there is contact between both groups in the unit; both truck drivers and production and maintenance employees are supervised by the same superintendent; and all share the same holiday and insurance benefits. The Board is not by statute required to choose *the most* appropriate bargaining unit, only to select a unit appropriate under the circumstances. *NLRB v. Bogart Sportswear Mfg. Co.*, 485 F.2d 1203, 1206 (5th Cir. 1973); *Atlas Hotels, Inc. v. NLRB*, 519 F.2d 1330, 1334 (9th Cir. 1975); *see NLRB v. J. C. Penney Co.*, 559 F.2d 373, 375 (5th Cir. 1977).

This Court's standard of review is "exceedingly narrow" in a challenge to the Board's determination of an appropriate bargaining unit. *NLRB v. Fidelity Maintenance & Construction Co.*, 424 F.2d 707, 709 (5th Cir. 1970). The Board's decision "involves of necessity a large measure of informed discretion," and "is rarely to be disturbed." *Packard Motor Car Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). The decision will not be set aside unless the Board's discretion has been exercised "in an arbitrary or capricious manner." *Spartans Industries, Inc. v. NLRB*, 406 F.2d 1002, 1005 (5th Cir. 1969); *see J. C. Penney*, 559 F.2d at 375.

Under this standard of review, the Board's inclusion of the two truck drivers does not justify denial of enforcement of the bargaining order.

### Extent of Organization

Southern Metal argues that the unit decision violated Section 9(c)(5) of the Act, 29 U.S.C.A. § 159(c)(5), which provides:

> In determining whether a unit is appropriate for the purposes specified in subsection (b) of this section *the extent to which the employees have organized shall not be controlling.* [emphasis added].

■ Section 9(c)(5) was not intended to prohibit the Board from weighing the extent of organization as a factor in its unit determination. *NLRB v. Metropolitan Insurance Co.*, 380 U.S. 438, 441–42, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965). In *Metropolitan Insurance*, on which Southern Metal relies, the Supreme Court remanded a unit determination to the NLRB for an articulation of the reasons underlying its apparently inconsistent decisions in cases involving the *same* employer in different regions. The Court held only that the Board's determination could not, in the absence of such articulation, be properly reviewed. *Id.* at 442–43, 85 S.Ct. 1061.

■ In the present case, the Regional Director's findings of fact lay bare the balancing process in which he engaged. Finding factors which weighed both for and against inclusion of truck drivers in the unit, he followed *Marks Oxygen Co. of Alabama*, 147 NLRB 228 (1964), in concluding that the Union's desire to represent the truck drivers tilted the balance toward their inclusion in the unit. Explicit recognition of that desire as a factor in the balancing process does not make it "controlling" within the prohibition of the statute. "By definition such a factor, in a close case, may be determinative; otherwise the factor is deprived of all significance." *Texas Pipe Line Co. v. NLRB*, 296 F.2d 208, 213 (5th Cir. 1961). The Board has in other cases weighed the willingness of the petitioning union to represent truck drivers as part of the unit. *American Bread Co. v. NLRB*, 411 F.2d 147, 153 (6th Cir. 1969); *Marks Oxygen*, 147 NLRB at 230.

We do not interpret *Metropolitan Insurance* as requiring that the Board factually reconcile its earlier decisions in an area where "minor factual differences may justify opposite results." *Atlas Hotels*, 519 F.2d at 1335. Because the statute requires the determination of *an* appropriate unit rather than *the most* appropriate unit, complete consistency in the relation between fact setting and outcome cannot logically be expected. *Cf. J. C. Penney*, 559 F.2d at 375 (in challenge to appropriateness of unit,

Court declines to decide whether Board could certify different units in identical fact settings).

The extent of employee organization was not a controlling factor in violation of the statutory mandate of Section 9(c)(5) of the N.L.R.A., 29 U.S.C.A. § 159(c)(5).

### Objection to Election

Objecting to certain union conduct prior to the election, the employer submitted an employee's affidavit stating another employee had told him the day before the election that "if you didn't vote for the union and the union loses you would be a very unpopular fellow around here, so you better watch out . . . ." Assuming that the statement was made, the Acting Regional Director overruled the objection without a hearing, finding that it presented no "substantial and material factual issues" as to the effect of the conduct on the results of the election. 29 C.F.R. § 102.69(d) (1978).

A Board finding that an election was fairly conducted cannot be overturned if supported by substantial evidence in the record considered as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *NLRB v. Golden Age Beverage Co.*, 415 F.2d 26, 29 (5th Cir. 1969).

Although a union adherent, the employee making the statement was not a union official, and his action is therefore "entitled to less weight" in determining its impact than it would otherwise bear. *NLRB v. Monroe Auto Equipment Co., Hartwell Division*, 470 F.2d 1329, 1332 (5th Cir. 1972), *cert. denied*, 412 U.S. 928, 93 S.Ct. 2752, 37 L.Ed.2d 155 (1973); *see J. C. Penney*, 559 F.2d at 376. Moreover, the employee who was allegedly coerced stated in his affidavit that the remark had no effect on his vote. *See Monroe Auto Equipment*, 470 F.2d at 1332. There is no evidence to suggest that a coercive atmosphere was created as a result of the statement. *Compare Home Town Foods, Inc. v. NLRB*, 416 F.2d 392 (5th Cir. 1969).

The Acting Regional Director's assumption that the statement was made precluded the need for an evidentiary hearing on the employer's objection. *NLRB v. Claxton Poultry Co.*, 581 F.2d 1133, 1137 (5th Cir. 1978); *see* 29 C.F.R. § 102.69(c) and (d) (1978). The election was close, 11 for the Union, 10 against. But since there is substantial evidence to support the determination that the threat "did not interfere with employees' free choice 'to such an extent that [it] materially affected the results of the election,'" the Board's decision must be affirmed. *J. C. Penney*, 559 F.2d at 376, *quoting Golden Age Beverage*, 415 F.2d at 30.

ENFORCED.