[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15853
Non-Argument Calendar

_____

NLRB No. 12-CA-25106

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2007
THOMAS K. KAHN
CLERK

COMPUTER SCIENCES RAYTHEON,

Petitioner-Cross-Respondent,

versus

LOCAL 2088, INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, AFL-CIO,

Respondent,

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross-Petitioner.

_____

Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

_____

**(July 6, 2007)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

This case is before us on the petition of Computer Sciences Raytheon (CSR) to review, and the cross-application of the National Labor Relations Board (NLRB) to enforce, an NLRB Order issued against CSR which compelled CSR to recognize and bargain collectively with the Local 2088, International Brotherhood of Electrical Workers, AFL-CIO (the Union).

In reviewing the NLRB's order, we are bound by the NLRB's "'factual findings if they are supported by substantial evidence on the record as a whole.'" *Int'l Bhd. of Boilermakers v. NRLB*, 127 F.3d 1300, 1306 (11th Cir. 1997) (quoting *NLRB v. Malta Constr. Co.*, 806 F.2d 1009, 1010 (11th Cir. 1986)). If the NLRB "has made a plausible inference from the record evidence, we may not overturn its findings, even if we would have made contrary findings upon a *de novo* review of the evidence." *Id.* This "exceedingly narrow" standard of review keeps us from disturbing the NLRB's decision "unless the [NLRB]'s discretion has been exercised 'in an arbitrary or capricious manner.'" *Daylight Grocery Co., Inc. v. NLRB*, 678 F.2d 905, 908 (11th Cir. 1982) (quoting *Spartans Indus., Inc. v. NLRB*, 406 F.2d 1002, 1005 (5th Cir. 1969)).

CSR admits that it refused to bargain with the Union, but contests the validity of the Union's certification. CSR argues that it refused to bargain in order to get a review of the Regional Director's direction of election that was not a final order

otherwise subject to judicial review. CSR contends that the Regional Director failed to properly apply and weigh community of interest factors in directing a self-determination election to determine whether the facility specialists desired to be included in the existing bargaining unit. CSR maintains that the NLRB's determination that the facility specialists should be included in the existing bargaining unit composed partly of technical and clerical employees is not supported by substantial evidence. The NLRB counters that it acted within its discretion in determining that CSR's facility specialists share a community of interest with the other employees, and therefore properly found that CSR violated 29 U.S.C. § 8(a)(5) and (1) by refusing to bargain with the Union.

The NLRB is not required to select the most appropriate bargaining unit for employees; instead, it is "only required to select a unit appropriate under the circumstances." *Daylight Grocery*, 678 F.2d at 908. The record does not demonstrate that the NLRB acted arbitrarily or capriciously in concluding that the facility specialists and the technical and clerical employees constitute an appropriate bargaining unit. Thus, we conclude that there was nothing arbitrary or capricious about the NLRB ordering CSR to recognize and bargain with the Union. Accordingly, the NLRB's order is enforced.

ORDER ENFORCED.

3